

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-68,348-03

### EX PARTE JUAN LIZCANO, Applicant

## ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. W05-59563-S IN THE 282ND JUDICIAL DISTRICT COURT DALLAS COUNTY

*Per curiam*.

## O R D E R

This is an initial application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.

In October 2007, applicant was convicted of capital murder and sentenced to death for killing Dallas Police Officer Brian Jackson. We affirmed the conviction and sentence on direct appeal. *Lizcano v. State*, No. AP-75,879 (Tex. Crim. App. May 5, 2010) (not designated for publication). Applicant then filed an application for writ of habeas corpus. In that application, applicant alleged in his sixth claim for relief that he is intellectually disabled

and ineligible for the death penalty under the United States Supreme Court's holding in *Atkins v. Virginia*, 536 U.S. 304, 321 (2002). We denied that application in 2015. *Ex parte Lizcano,* No. WR-68,348-03 (Tex. Crim. App. April 15, 2015) (not designated for publication).

Applicant then filed a federal habeas petition. While his petition was pending, the United States Supreme Court handed down its opinion in *Moore v. Texas,* 137 S.Ct. 1039 (2017). In *Moore v. Texas*, the Supreme Court rejected the use of the *Briseno*[1] factors to analyze adaptive deficits because they "creat[e] an unacceptable risk that persons with intellectual disability will be executed." 137 S.Ct. at 1051.

Following the *Moore v. Texas* opinion, the federal district court stayed its proceedings to enable applicant to seek this Court's reconsideration of his *Atkins* claim. *See Lizcano v. Davis,* No. 3:16-cv-1008-B, Doc.51 (N. Dist. Oct. 6, 2017) (order adopting magistrate's recommendation and granting stay). Applicant has now submitted a suggestion for this Court to "reconsider its April 15, 2015, order on its own initiative." He asks us to reconsider his *Atkins* claim in light of *Moore v. Texas*.

While the Rules of Appellate Procedure do not permit the filing of a motion for rehearing following the denial of a post-conviction application for writ of habeas corpus, we may on our own initiative choose to exercise our authority to reconsider our initial disposition of a capital writ. *See Ex parte Moreno,* 245 S.W.3d 419, 427-29 (Tex. Crim. App. 2008) (stating that we may choose to exercise this authority only "under the most extraordinary of

---

[1] *Ex parte Briseno,* 135 S.W.3d 1, 8 (Tex. Crim. App. 2004).

circumstances"). In light of the United States Supreme Court's recent opinion in *Moore v. Texas*, we exercise our authority to reconsider this case on our own initiative.

This cause is remanded to the habeas court to allow it the opportunity to develop evidence, make new or additional findings of fact and conclusions of law, and make a new recommendation to this Court on the issue of intellectual disability. The habeas court may receive evidence from mental health experts and any witnesses whose evidence the court determines is germane to the question of intellectual disability. The court should consider all of the evidence in light of the *Moore v. Texas* opinion. The habeas court shall then make findings of fact and conclusions of law regarding the issue of intellectual disability and any other issue the court deems pertinent to the resolution of this claim.

This cause will be held in abeyance pending the trial court's compliance with this order. The habeas court shall resolve the issue and make the required findings and conclusions within 60 days of the date of this order. Immediately thereafter, the clerk shall forward to this Court a supplemental transcript containing the trial court's findings of fact and conclusions of law, any additional documents filed, and the transcripts of any hearings. Any extensions of time shall be obtained from this Court.

IT IS SO ORDERED THIS THE 6TH DAY OF JUNE, 2018.

Do not publish